UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

KIMBERLY A. WALTERS,                                    Case No. DK 08-10803
                                                        Chapter 7

      Debtor.

_____/

**OPINION AND ORDER REGARDING
TRUSTEE'S RESPONSE TO FEE WAIVER**

At a session of the U.S. Bankruptcy Court, held in the Western
District of Michigan.

PRESENT:      HONORABLE SCOTT W. DALES
               United States Bankruptcy Judge

By order dated December 4, 2008, the Honorable Jeffrey R. Hughes entered an order

waiving the filing fee in this Chapter 7 case at the request of Debtor Kimberly A. Walters. See

Order on Debtor's Application for Waiver of the Chapter 7 Filing Fee (DN 5) (the "Order").  On

December 17, 2008, more than ten days after entry of the Order, Chapter 7 Trustee Marcia R.

Meoli filed a response to the fee waiver request, acknowledging that the court had already

granted the application, but arguing that the waiver was improvident because the Debtor had paid

her attorney in full, prior to filing.  See Response to Application for Waiver of Filing Fee (the

"Response") (DN 15).  I will treat the Response as a motion under either Fed. R. Bankr. P. 9023

or Fed. R. Bankr. P. 9024.  See Judicial Conference of the United States Interim Procedures

Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and

Consumer Protection Act of 2005, at III.B ("JCUS Fee Procedures") (suggesting applicability of

Rules 9023 & 9024).  These two bankruptcy rules make Fed. R. Civ. P. 59 and 60 applicable in cases under the Code.

Treated as a Rule 59(e) motion, the Response is untimely, since filed more than ten days after entry of the order.  As for Rule 60, the Response does not appear to raise any of the grounds listed in either subsections (a) or (b) of that rule.  Rather, the Trustee disagrees with Judge Hughes's decision to waive the filing fee because the Debtor's ability to pay counsel suggests that she ought to have paid the court filing fees first.  The Trustee also suggests that the Order is provisional, because it included a phrase indicating that it might be vacated given further developments in the case demonstrate that the waiver was unwarranted.  The fact that the Debtor paid counsel *prior to filing* does not qualify as such a development in my opinion.

I can appreciate the Trustee's displeasure with the court's decision to waive the filing fee, because, as I understand the procedure, the waiver means the Trustee will not receive the very modest fee that she would ordinarily earn -- more than earn -- in a no-asset case like Ms. Walters's case will probably turn out to be.  It certainly must sting to see that the Debtor's counsel has been paid while the Trustee, in this case, at least, may not be so lucky.  Nevertheless, at the risk of reaching the merits and only by way of explanation for future cases, I note that the Judicial Conference guidelines governing fee waiver requests make it quite plain that "[a] debtor is not disqualified for a waiver of the filing fee solely because the debtor has paid (or promised to pay) a bankruptcy attorney, bankruptcy petition preparer, or debt relief agency in connection with the filing."  See JCUS Fee Procedures at A.5.  One reason for this policy is that barring attorney fee payments might have the unintended effect of rendering fewer debtors eligible for installment payments, thereby causing more debtors to seek a fee waiver instead.  See id. at n.5 ("If the attorney payment prohibition were retained, payment of an attorney's fee would render

many debtors ineligible for installment payments and thus enhance their eligibility for the fee waiver").

I would also add, with no other authority than my own experience over the last year, that many *pro se* Debtors, by proceeding without benefit of counsel, eventually forfeit their relief under Title 11 (especially after the 2005 amendments), and in the process put enormous strain on our trustees, creditors, and the court. For these reasons especially, I do not intend to discourage debtors in any way from seeking the advice of counsel. *Pro se* is not *pro bono publico*.

NOW, THEREFORE, IT IS HEREBY ORDERED that the relief requested in the Response is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Debtor, Kimberly A. Walters, Trustee, Marcia R. Meoli, and the Office of the U.S. Trustee.

IT IS SO ORDERED.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: January 20, 2009**